```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

DARRELL BRUCE,                   )
                                 )
Plaintiff,                       )
                                 )
vs.                              )   NO. 2:05-CV-230
                                 )
GRIEGER'S MOTOR SALES, INC.      )
and CAPITAL ONE AUTO FINANCE,    )
INC.,                            )
                                 )
Defendant.                       )
```

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion for Partial Judgment on the Pleadings and for a Stay Pending the Resolution of the 12(C) Motion, filed on October 6, 2005.[1]  For the reasons set forth below, this motion is **GRANTED**.  Accordingly, the Clerk is **ORDERED** to **DISMISS** Plaintiff's claim brought pursuant to Title 15 U.S.C. section 1681m(d).

BACKGROUND

Plaintiff, Darrell Bruce, filed suit against Defendants, Grieger's Motor Sales, Inc. and Capital One Auto Finance, Inc., alleging, among other things, that a pre-screened solicitation sent

---

[1] This Opinion and Order only addresses the request for judgment on the pleadings.  Magistrate Judge Rodovich has previously ruled upon the request for a stay contained in this motion.  *See* DE # 34.

by Defendants violated section 1681m(d) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681, *et seq.*, by failing to include certain consumer disclosures in a "clear and conspicuous" manner. At issue in the instant motion is whether there is a private right of action for a claim based on section 1681m(d). Defendants argue there is not and, therefore, partial judgment on the pleadings should be entered in their favor on this claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

DISCUSSION

A party is permitted under Rule 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the

pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id*. at 452-453. With these legal principles in mind, the Court turns to Defendant's motion.

### Overview of Section 1681m

The FCRA was enacted to ensure fair and accurate credit reporting and to protect consumers' right to privacy. *See* 15 U.S.C. § 1681(a). Under the FCRA, unless consumers authorize the release of their credit information or initiate a transaction, their consumer report may be accessed only for certain "permissible purposes," such as when "the transaction consists of a firm offer of credit" to the consumer. 15 U.S.C. § 1681b(c)(1)(B). In addition, creditors who extend a "firm offer of credit" must make certain disclosures in a "clear and conspicuous" manner. 15 U.S.C. § 1681m(d). Sections 1681n and 1681o provide civil liability for "willful noncompliance" and "negligent noncompliance" with certain FCRA provisions, respectively. 15 U.S.C. §§ 1681n, 1681o.

The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), amending the FCRA, became effective on December 1, 2004. Section 311(a) of the FACTA added subsection (h) to section 1681m. *See* FACTA, Pub. L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89 (2003). Paragraph (8) of the amended section 1681m(h) provides:

    (8) Enforcement

        (A) No civil actions

> Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8).

The issue with respect to this motion is whether a private right of action exists to enforce section 1681m(d). Defendants argue that recent amendments to the FCRA eliminated a private right of action for a violation of section 1681m in its entirety. Plaintiff argues that these amendments restricting private rights of action apply only to subsection (h) of section 1681m.

In unrelated cases in this District and the Northern District of Illinois, Plaintiff's counsel has raised this same issue relating to section 1681m and made similar arguments. In each case, the respective court rejected the arguments and concluded that section 1681m(h)(8) eliminates a private right of action for any violations of section 1681m. *See Stavroff v. Gurley Leep Dodge, Inc.*, No. 05-CV-299, 2006 WL 196381, at *5 (N.D. Ind. Jan. 20, 2006) (granting defendant's motion for partial judgment on the pleadings after finding that the term "section" in section 1681m(h)(8) "unambiguously refers to the entire § 1681m."); *Hernandez v. CitiFinancial Services, Inc.*, No. 05C2263, 2005 WL 3430858, at *2 (N.D. Ill. Dec. 9, 2005) (granting defendant's motion for partial judgment on the pleadings after finding

-4-

that the term "section" in section 1681m(h)(8)(A) means section 1681m in its entirety, thus serving to bar plaintiff's section 1681m(d) claim); *McCane v. America's Credit Jewelers, Inc.*, No. 05C5089, 2005 WL 3299371, at *3 (N.D. Ill. Dec. 1, 2005) (dismissing plaintiff's section 1681m claims after finding that "the plain reading of § 1681m(h)(8)(A) indicates that a private right of action is no longer available under § 1681m"); *Murray v. Cingular Wireless II, LLC*, No. 05C1334, Order at 2 (N.D. Ill. Nov. 2, 2005) (granting defendant's motion for judgment on the pleadings after finding that "§ 1681m(h) eliminated any private right of action for violations of § 1681m"); *Pietras v. Curfin Oldsmobile, Inc.*, No. 05C4634, 2005 WL 2897386, at *4 (N.D. Ill. Nov. 1, 2005) (dismissing plaintiff's section 1681m claims after finding that "a private right of action is no longer available under § 1681m as amended by the FACTA"); *Murray v. Household Bank*, 386 F. Supp. 2d 993, 997-999 (N.D. Ill. 2005) (granting defendant's motion for judgment on the pleadings after finding that "§ 1681m(h)(8) precludes all private rights of action under § 1681m"); *Murray v. Cross Country Bank*, 399 F. Supp. 2d 843, 844-845 (N.D. Ill. 2005) (granting motion to dismiss plaintiff's section 1681m(d) claim after finding that the phrase "this section" in section 1681m(h)(8) is a clear reference to section 1681m and not to a subsection, section 1681m(h)).

The parties do not cite, nor has this Court found, any circuit court decision deciding this particular issue of statutory

construction.  Although the previously cited district court cases are not binding precedent in the Seventh Circuit, the Court finds the reasoning behind these opinions to be intrinsically persuasive. Moreover, the Seventh Circuit, in dicta, has noted that the recent amendments have abolished a private right of action under section 1681m(d).  *See Murray v. GMAC Mortgage Co.*, 434 F.3d 948, 951 (7th Cir. 2006).  For the reasons set forth below, this Court concludes that there is no private right of action for violations of section 1681m and, therefore, grants the motion for partial judgment on the pleadings.

### Interpretation of section 1681m

Under the first canon of statutory interpretation, the Court is required to look to the language of the statute itself.  *United States v. Miscellaneous Firearms*, 376 F.3d 709, 712 (7th Cir. 2004).  When interpreting statutory language, the Court "must presume that a legislature says in a statute what it means and means in a statute what it says there."  *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted).  When the statutory language is unambiguous, "this first canon is also the last: 'judicial inquiry is complete.'"  *Id*. at 254.  (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).  The court may look beyond a statute's express language to effectuate Congressional intent only in two situations: (1) where the statutory language is ambiguous; or (2) where a literal

interpretation would thwart the purpose of the overall statutory scheme or lead to an absurd result. *United States v. Tex-Tow, Inc.*, 589 F.2d 1310, 1313 (7th Cir. 1978).

The language of sections 1681m(h)(8)(A) and (B) is unambiguous: both use the term "section" to identify their scope. "Congress ordinarily adheres to a hierarchical scheme in subdividing statutory sections." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 125 S. Ct. 460, 467, 160 L. Ed. 2d 389 (2004). In section 1681m(h), the FCRA refers to sections 1681n, 1681o, and 1681s as "sections," indicating that a section is demarcated by the first letter after the number. In section 1681m(h)(4), the FCRA refers to section 1681m(a) as "subsection (a)," indicating that a subsection is demarcated by the second letter in parenthesis. Moreover, in other provisions of the FACTA Congress showed that it could distinguish between a "section" and a "subsection" for purposes of limiting civil liabilities. For example, section 312 of the FACTA, which amended section 1681s-2, used the term "subsection" in eliminating the private right of action under subsections (a) and (e) of § 1681s-2. FACTA, Pub. L. No. 108-159, § 312(e)(1), 117 Stat. 1952, 1993 (2003). The proper use of both terms within section 1681m(h) and other provisions added by the FACTA demonstrates that Congress recognized their different meanings and presumably understood how to limit the enforcement provision contained in section 1681m(h)(8) to the subsection. *Murray v. Household Bank*, 386 F. Supp. 2d 993, 997 (N.D. Ill. 2005). Because the term

-7-

"section," rather than "subsection," is used in section 1681m(h), the enforcement provision on its face applies to the entire section, section 1681m. Accordingly, section 1681m(h) unambiguously eliminates any private right of action under section 1681m.

In addition, interpreting section 1681m(h)(8) to eliminate the private right of action under section 1681m in its entirety neither thwarts the overall statutory scheme nor creates an absurd result. Consumers' privacy rights remain protected under the amended FCRA; Congress has merely chosen to grant federal agencies, rather than private individuals, the power to enforce section 1681m. *See* 15 U.S.C. § 1681m(h)(8)(B). Moreover, interpreting the term "section" in section 1681m(h)(8) so as to eliminate the private right of action under section 1681m is not absurd. As stated in *Hernandez*, while "[r]easonable people could surely debate whether additional enforcement via a private cause of action is desirable or not," the federal agency enforcement mechanism chosen by Congress "cannot, in any fair sense of the term, be deemed absurd." *Hernandez*, 2005 WL 3430858, at *6. Given that the language of section 1681m(h)(8) is not ambiguous and a literal interpretation of section 1681m(h)(8) neither thwarts the goals of FCRA nor leads to an absurd result, this Court will not look beyond the statutory language to determine the meaning of § 1681m(h)(8). The language of section 1681m(h)(8) plainly states that the sections concerning private rights of action "shall not apply to any failure by any person to comply with this section." Therefore,

this Court finds that there is no private right of action under section 1681m.

Plaintiff argues that use of the term "section" in section 1681m(h)(8) is not determinative because Congress, in section 311(b) of the FACTA, used the term "section" to refer to section 625(b)(1) of the FCRA (15 U.S.C. § 1681t(b)(1)), which is not a "section" according to Congressional style manuals and drafting conventions. However, as explained in *Household Bank*, ". . . the word 'section' appears immediately adjacent to the number and is clearly intended to replace the '§' symbol, which is typically used to denote that it precedes a citation to a statute." *Id*. at 997 n. 4.  Conversely, in section 1681m(h)(8) Congress used the phrase "this section" without reference to a number, indicating that the provision applies to the entire section in which it was placed.  This Court agrees with the interpretation given the phrase by other district courts in the Seventh Circuit and finds it to mean all of section 1681m.

Plaintiff also argues that use of the term "section" in section 1681m(h)(8) was a scrivener's error and that the actual intent of Congress was to limit the private right of action to violations of section 1681m(h).  Plaintiff cites to the legislative history of the FACTA, which is lacking of any discussion regarding the elimination of a private right of action under section 1681m as a whole, to support Plaintiff's argument that Congress intended to eliminate only the private right of action for violations of section 1681m(h).

However, as the Court has already explained, the language of section 1681m(h)(8) is unambiguous. As such, the Court may not consider the legislative history of the FACTA. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2626, 162 L. Ed. 2d 502 (2005) (explaining that ". . . the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms"). Moreover, if a statute contains an unintentional drafting error, "it is up to Congress rather than the courts to fix it." *Id*. at 2624.

Finally, Plaintiff argues that interpreting section 1681m(h)(8) as applying to all of section 1681m creates multiple inconsistencies and redundancies. Specifically, Plaintiff points out that section 1681s-2(c), which was also amended by the FACTA and eliminates the private right of action for violations of section 1681m(e), is superfluous and redundant if section 1681m(h)(8) eliminates the private right of action for violations of section 1681m in its entirety. This Court acknowledges the redundancy. Nevertheless, "[r]edundancies across statutes are not unusual events in drafting." *Germain*, 503 U.S. at 253. Although courts generally disfavor interpretations of statutes that render language superfluous, the "preference for avoiding surplusage constructions is not absolute." *Lamie v. United States Trustee*, 540 U.S. 526, 536 (2004) (adopting the

plain meaning of language used in a statute despite the fact that it made the language superfluous).

Plaintiff also contends that reading the phrase "this section" in section 1681m(h)(7) to mean all of section 1681m would make section 1681m(h)(7) redundant because section 1681m(c) already provides for a "reasonable procedures" defense. However, interpreting "this section" to refer only to section 1681m(h) would create an absurd result:

> [i]f the court . . . interprets the term "section" in § 1681m(h) to mean "subsection," it must give the same meaning to six other references to "this section" in § 1681m. Two of the references appear in § 1681m(c):
>
>> (c) Reasonable procedures to assure compliance
>> No person shall be held liable for any violation of *this section* if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of *this section*.
>
> 15 U.S.C. § 1681m(c) (emphasis added). Interpreting these two references to mean "this section" would make no sense because § 1681m(c) itself provides no rules for compliance or violation.

*Pietras*, 2005 WL 2897386, at *4-5. Accordingly, this Court will give every reference to "this section" in section 1681m(h) its plain meaning, thus avoiding the absurd result. *See Lamie,* 540 U.S. at 536.

CONCLUSION

    For the reasons set forth above, Defendants' motion is **GRANTED**.


**DATED:  March 23, 2006**　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　**United States District Court**