IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
DARRELL BRUCE,                      )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )   NO. 2:05-CV-230
                                    )
GRIEGER'S MOTOR SALES, INC.,        )
and CAPITAL ONE AUTO FINANCE,       )
INC.,                               )
                                    )
Defendants.                         )
```

## OPINION AND ORDER

This matter is before the Court on the Unopposed Emergency Objection to Magistrate Judge's Order of June 8, 2006 Denying Defendant Capital One Auto Finance, Inc.'s Unopposed Motion to Extend Discovery and Dispositive Motion Deadlines and to Strike and Reset Trial Date and Pre-Trial Deadlines, filed by Defendant Capital One Auto Finance, Inc., on June 16, 2006.[1] For the reasons set forth below, Capital One's objections are **OVERRULED**.

BACKGROUND

On December 16, 2005, Magistrate Judge Rodovich conducted a Rule

---

[1] To note, co-Defendant, Grieger's Motor Sales, Inc., has endorsed this filing, (DE # 83) and Plaintiff has no opposition to it. (DE # 84.)

16 Preliminary Pretrial Conference with the parties. A fact discovery deadline was set for May 1, 2006, while dispositive and *Daubert* motions were to be filed by June 1, 2006.

In April, Plaintiff filed an unopposed motion requesting an additional 60 days to both complete fact discovery and file dispositive/*Daubert* motions. The next day Magistrate Judge Rodovich granted this motion, extending the fact discovery deadline to June 30, 2006, and the dispositive/*Daubert* motion deadline to July 31, 2006; however, these extensions were given with the caveat that "NO MORE EXTENSIONS OF TIME WILL BE GIVEN." (DE # 72).

Despite Magistrate Judge Rodovich's warning, on June 5, 2006, Capital One filed a motion requesting to extend the discovery and dispositve/*Daubert* motion deadline. Capital One further sought to strike and reset the pre-trial and trial dates. Capital One set forth that, while it believed the initial sixty day extension would suffice, it has now come to light that more time will be necessary due the volume of documents, the number of witnesses and other ongoing lawsuits involving Capital One. On June 8, 2006, Magistrate Judge Rodovich denied Capital One's motion, noting that he previously warned the parties that no more extensions of time would be given.

Capital One has filed the instant motion pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, claiming that Magistrate Judge Rodovich abused his discretion in denying its June 5, 2006, motion requesting an extension of time.

DISCUSSION

The Court is not in a position to view this situation *de novo*. The Federal Rules of Civil Procedure grant magistrate judges broad discretion in resolving discovery issues. The Court's review of any orders on nondispositive matters made by magistrate judges, such as that at issue here, is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rules 72(a) provides that, "the district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Thus, the Court will set aside Magistrate Judge Rodovich's order denying an extension of time only to the extent that it "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

At this juncture, the Court is not left with the definite and firm conviction that mistake has been made. Capital One does not posit that the magistrate judge erred in interpreting any legal doctrine. Instead, it argues that he abused his discretion by not allowing an extension of time in light of the following uncontested facts:

The unopposed motion was Capital One's first request for an extension of discovery;

Plaintiff served discovery on November 18, 2005, less than seven months ago, which is not an excessive amount of time in light of the intervening stay of discovery while a motion to compel arbitration was pending, the expensive and time-consuming process of collecting and reviewing paper and electronic documents and systems, and the geographic dispersion of company custodians in varying locations;

Capital One responded to discovery on December 20, 2005;

The parties engaged in numerous discussions regarding the scope of discovery;

This matter was stayed from January 30, 2006, to March 13, 2006;

Capital One has engaged in a good faith effort to produce responsive documents within the existing discovery period;

No other party objected to the discovery extension;

The unopposed motion was filed before the close of discovery;

No summary judgment motions have been filed.

(Capital One's Obj., pp. 2-3).

The fact that the motion for an extension was unopposed and that it was Capital One's first of the sort is not dispositive. As set forth above, the magistrate judge had already continued the relevant discovery dates for 60 days. Magistrate Judge Rodovich apparently believed the parties could produce all of the responsive documents and finish fact discovery by June 30, 2006. This expectation is not clearly erroneous. Indeed, Capital One thought that it could complete fact discovery by that date. (Capital One's Objections, Ex. 1, ¶ 8). In this regard, the magistrate is the keeper of this Court's calendar

and, as such, is afforded the responsibility of ensuring each and every case moves along in an efficient manner. In his judgment, this is exactly what Magistrate Judge Rodovich has done in denying Capital One's request for an extension of time.

CONCLUSION

For the reasons set forth above, Capital One's objections contained in the Unopposed Emergency Objection to Magistrate Judge's Order of June 8, 2006 Denying Defendant Capital One Auto Finance, Inc.'s Unopposed Motion to Extend Discovery and Dispositive Motion Deadlines and to Strike and Reset Trial Date and Pre-Trial Deadlines, are **OVERRULED**.

**DATED: June 21, 2006**          /s/RUDY LOZANO, **Judge**
                                  **United States District Court**