IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARRELL BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-230 |
| ) | |
| GREIGER'S MOTOR SALES, INC. ) | |
| and CAPITAL ONE AUTO FINANCE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Conditional Class Certification, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class, filed on July 31, 2006. After due consideration, the motion is **GRANTED**. It is **FURTHER ORDERED**:

1. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and preliminarily finds that the terms of the Class Action Agreement ("Agreement") are fair, reasonable, and adequate to Plaintiff and all members of the Class. In addition, to the other facts stated herein, the Court finds the Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and the expense of further litigation. The Agreement is hereby **GRANTED preliminary approval.**

2.  The Court preliminarily finds that class certification is appropriate because: (A) the Class is so numerous that joinder of all parties is impracticable; (B) there are questions of law or facts common to the Class; (C) Plaintiff's claim is typical of the claims of the Class; and (D) Plaintiff will fairly and adequately protect the interests of the Class.  **A Class is thus certified for purposes of settlement**, pursuant to Federal Rule of Civil Procedure 23(B)(3), consisting of all persons to whom Defendants sent or caused to be sent material in the form represented by Exhibit A to the Complaint, which contains the name Greiger's Motor Sales, Inc., on or after June 8, 2003, and before June 28, 2005, and who did not obtain credit from Defendants in response thereto.  Darrell Bruce is **APPOINTED** as "Class Representative" and his attorneys, Edelman, Combs, Latturner & Goodwin, LLC are **APPOINTED** as "Class Counsel."

3.  A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it, and on the request for fees and expenses by Class Counsel, will be held before the Court on November 21, 2006, at 11:30 a.m.

4.  The Court **APPROVES** the proposed form of Notice to the Class attached as Exhibit 1 to the Agreement, to be directed to all Class members at their last known addresses as shown in Defendants' records. Defendants will mail, or cause to be mailed, the notice to Class members on or before August 28, 2006, that date being within 21 days of the entry of this order.  Any mail returned with a forwarding

address will be re-mailed.  The notice may be sent by any form of bulk mail that provides address forwarding service to each address.

     5.   The Court finds that mailing of the Class Notice and the other measures specified above to locate and notify members of the Class is the only notice required, and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

     6.   Class members shall have until October 12, 2006, that date being 45 days following the mailing of the notice, to opt out or object to the proposed settlement.  Any class members who desire to exclude themselves from the class action must file a request for exclusion with the Clerk of the United States District Court of the Northern District of Indiana, and serve copies of the request on counsel for both Plaintiff and Defendants by that date.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Indiana, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date.  Any objection must include the name, and number of the case and a statement of the reasons why the objector believes the Court should find the proposed settlement is not in the best interest of the class.  Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement, but are not required to do so.

7.   The parties may file memoranda in support of the Agreement prior to the fairness hearing.  Any submission must be filed no later than November 1, 2006.  Defendants shall also file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(B), no later than October 1, 2006.

**DATED:  August 7, 2006**               /s/RUDY LOZANO, Judge
                                         **United States District Court**