IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARRELL BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-230 |
| ) | |
| GREIGER'S MOTOR SALES, INC. ) | |
| and CAPITAL ONE AUTO FINANCE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

### ORDER

    This matter comes before the Court for final approval of the Class Settlement Agreement and for dismissal of this action pursuant to the terms of that agreement.  The Court has had the opportunity to review the settlement agreement as well as the Plaintiff's written memoranda in support of final approval of the agreement.  On November, 21, 2006, the Court held a fairness hearing to which class members, including any with objections, were invited.  The Court being duly advised in the premises, **FINDS**:

    1.  On August 7, 2006, this Court preliminarily approved the Class Settlement Agreement reached between Darrell Bruce ("Plaintiff"), and Greiger's Motor Sales, Inc. and Capital One Auto Finance, Inc., ("Defendants").  The Court approved a form of notice for mailing to the Class.  The Court is informed that actual notice

was sent by first-class mail to 7,387 potential Class members. A total of 679 envelopes were returned by the United States Postal Service marked not deliverable, with no forwarding addresses available, and 94 envelopes were returned and re-mailed to a forwarding address. Four Class members requested exclusion and no objections were filed or received.

2. The Class is appropriate under Federal Rule of Civil Procedure 23.

3. The provisions for notice to the Class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

4. Defendants have complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

5. The settlement is fair and reasonable and the Court hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release. This includes that:

    (A) Defendants pay the sum of $313,947.50 (the "Class Fund");

    (B) Payment of $1,000 to Plaintiff from the Class Fund, as his damages and in recognition of his services as Class representative;

    (C) Payment to Class Counsel of attorney's fees and costs to be paid from the Class Fund, in an amount not to exceed 25% of the Class Fund; and

    (E) After the deduction of the Plaintiff's incentive award

and attorney's fees and costs, the remaining balance of the Class Fund will be distributed to each Class Member who did not timely exclude themselves or did not have their notice returned by the Postal Service, without a valid forwarding address. Each Class Member will receive a pro rata share of the Class Fund. Each of the 6,798 Class Members will receive $34.63.[1] Payment will be made by check, void 90 days after issuance. If any portion of the Class Fund remains after the void date on the Class Members' checks, these remaining funds will be donated in the form of a *cy pres* award to a non-profit 501(c)(3) organization agreed to by the parties, subject to Court approval.

6. Plaintiff, Unnamed Plaintiff, and the Class Members grant Defendants the following release: Plaintiff and each Class Member who does not timely exclude himself or herself from the settlement, their assigns, heirs, successors and personal representatives, whether or not they receive a cash settlement, do hereby release and forever discharge the Defendants, and their present or former parents, officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and

---

[1] This number may increase or decrease based on receipt of additional notices of non-delivery from the postal service.

assigns and all persons and entities that may have participated in or assisted any of the foregoing in connection with prescreened offers of credit, which is the subject of this litigation, including, without limitation, vendors, credit reporting agencies and each of their parents, subsidiaries, affiliates, divisions, insurers, insured, successors, predecessors, agents, officers, directors, employees, assigns or legal representatives ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, arising out of the allegations made in the action styled *Bruce v. Greiger's Motor Sales, Inc., et al.,* No. 2:05 CV 230 RL.  Specifically excluded from this release are any claims arising from the sale or financing of a vehicle.  This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

    7.    The Agreement is fair and made in good faith.

    8.    The Court **DISMISSES** the claims of Plaintiff and the Class against Defendants and the Released Parties with prejudice and without costs (other than what has been provided for in the Agreement).

    9.    The Court awards attorney's fees and costs of $78,486.87,
        to Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC;
        and

10. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order.

DATED:  November 21, 2006            /s/RUDY LOZANO, Judge
                                     **United States District Court**